USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN M. FISHER and ROBERT T. FOOTE, JR.,

Plaintiffs,

-against-

VESMA ELECTRIC, INC.,

Defendant.

26-CV-05653 (MMG)

**ORDER GRANTING DEFAULT JUDGMENT**

MARGARET M. GARNETT, United States District Judge:

Before the Court is a motion for default judgment by Plaintiffs Stephen M. Fisher and Robert T. Foote, Jr. ("Plaintiffs"), solely in their respective fiduciary capacities as Trustees for the Barbara B. Buzard Descendants' Trust for Robert T. Foote, Jr. against Defendant Vesma Electric, Inc. ("Vesma"). Dkt. No. 23. Plaintiffs bring claims against Defendant for breach of contract and, in the alternative, unjust enrichment. Dkt. No. 1 at 10. For the reasons stated herein, Plaintiffs' motion for default judgment on the breach of contract claim is GRANTED.

## BACKGROUND[1]

### I. RELEVANT FACTS

Plaintiffs serve as Trustees for the Barbara B. Buzard Descendants' Trust (the "Trust"), a Wisconsin irrevocable trust. Compl. ¶ 2. Vesma is a Delaware corporation with its principal place of business in New York City. *Id.* ¶ 3. On July 17, 2023, the Trust and Vesma executed a revolving line of credit note (the "Original Line of Credit Note") for the amount of $325,000. *Id.* ¶ 17; *see also* Ex. I. Roughly one year later, on August 14, 2024, the Trust and Vesma executed a second revolving line of credit note (the "Second Line of Credit Note") for the amount of $75,000. Compl. ¶ 18; *see also* Ex. J. Taking both the Original Line of Credit Note and the Second Line of Credit Note together (collectively, the "Notes"), Vesma executed the Notes for a total of $400,000. For all relevant purposes, the contractual provisions in each of the Notes are substantially identical. *See* Ex. I (Original Line of Credit Note); Ex. J (Second Line of Credit Note).

There are three provisions in the Notes relevant to this dispute. The first is Section 7(c), which declares that if Vesma were to "become 'insolvent' as defined in any applicable state or

[1] The facts are drawn from Plaintiffs' Complaint, Dkt. No. 1 ("Compl.") and all exhibits contained therein, Dkt. Nos. 1-1 ("Ex. A")–1-15 ("Ex. O"), Plaintiffs' Motion for Default Judgment, Dkt. No. 23-1 ("Mot."), and the Declaration of Kate E. Cassidy in support of that motion, Dkt. No. 23-2 ("Decl."), and are assumed true for purposes of this order.

federal statute," such insolvency shall constitute an event of default. Compl. ¶ 25; Ex. I at 7. The second is the latter part of Section 7, which provides that "[u]pon the occurrence of any Event of Default, [the Trust] shall have the absolute right . . . to declare immediately due and payable all unpaid amounts of principal and interest on this Note." Compl. ¶ 33; Ex. I at 8. The third is Section 7(a), which states that "[n]onpayment of principal of, interest on, or any fee or premium provided for under, this Note within ten (10) days after such amount is due, whether by acceleration or otherwise" also constitutes an event of default. Compl. ¶ 36; Ex. I.

Plaintiffs eventually determined that Vesma was insolvent as a matter of Connecticut law.[2] Compl. ¶¶ 27–31. On May 27, 2026, Plaintiffs demanded accelerated payment from Vesma in the amount of $441,340.80, because an event of default had occurred under Section 7(c) of the Notes. *Id.* ¶ 37. That amount reflected all unpaid principal and interest at the time of the May 27 demand. *Id.* On June 3, 2026, Vesma acknowledged receipt of the May 27 demand without disputing its insolvency or payment obligations. *Id.* ¶ 39; *see also* Ex. M. On June 9, 2026, Plaintiffs demanded payment a second time; Vesma again acknowledged receipt without disputing liability. *Id.* ¶ 40; *see also* Ex. N. Vesma has not paid any of the $441,340.80 demanded by Plaintiffs. *Id.* ¶ 41.

## II. PROCEDURAL HISTORY

Plaintiffs filed this action on July 2, 2026. Dkt. No. 1. Summons was issued on July 6, 2026, and Vesma was served on July 7, 2026. Dkt. Nos. 5–6. Service was accepted by an authorized agent on Vesma's behalf. *Id.* Vesma has yet to appear in this action. Vesma's answer was originally due on July 29, 2026, but upon request from Plaintiffs, the Court extended Vesma's deadline to respond to August 21, 2026. Dkt. No. 9. However, Vesma did not answer or otherwise respond in any way before that date. Accordingly, the Court *sua sponte* extended Vesma's time to respond to Plaintiffs' Complaint to September 8, 2026, and ordered that if no response was made, Plaintiffs should move for default judgment. Dkt. No. 12. The Court further directed Plaintiffs to serve that order on Vesma, which they did. Dkt. No. 13. Vesma again did not answer, move, or respond in any way, resulting in an entry of default on September 15, 2026. Dkt. No. 21. Plaintiffs submitted their Motion for Default Judgment on September 15, 2026. Dkt. No. 23. Vesma was served on September 16, 2026. Dkt. No. 24. Once again, Vesma did not answer, move against, or respond in any way to Plaintiffs' Motion.

# DISCUSSION

## I. JURISDICTION

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Plaintiffs appear solely in their capacities as trustees for a Wisconsin irrevocable trust and Defendant is a Delaware corporation with its principal place of business in New York. Decl. ¶ 4. Furthermore, the amount in controversy exceeds $75,000. *Id.* ¶ 7. Likewise, because Defendant's principal place of business is in this district, venue in this district is proper pursuant to 28 U.S.C. § 1332(b).

[2] The Notes are governed by Connecticut law. *See infra* Section III.

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps involved in entering judgment against a party who has failed to defend: entry of default and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).[3] The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). As noted above, Plaintiffs have obtained a clerk's certificate of default against Vesma. Dkt. No. 21.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). By failing to answer the Complaint, Vesma has conceded Plaintiffs' well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).

However, because Vesma does not admit conclusions of law, this Court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-04193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). A plaintiff still bears the burden of demonstrating that the unchallenged allegations establish the defendant's liability, and the Court draws all reasonable inferences in the plaintiff's favor. *See Graham v. HSBC Mortg. Corp.*, No. 18-CV-04196 (KMK), 2022 WL 1266209, at *4 (S.D.N.Y. Apr. 28, 2022).

## III. PLAINTIFFS HAVE ESTABLISHED DEFENDANT'S LIABILITY

Connecticut law governs this dispute. "A federal court sitting in diversity applies the choice of law rules of the forum state." *EMA Financial, LLC v. NFusz, Inc.*, 444 F. Supp. 3d 530, 540 (S.D.N.Y. 2020) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). When, as here, contracts contain choice-of-law provisions, this Court applies New York choice-of-law rules "to determine whether and to what extent the parties' contractual choice should be honored." *Woodling v. Garrett Corp.*, 813 F.2d 543, 551 (2d Cir. 1987). "Generally, New York courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transactions." *EMA Financial*, 444 F. Supp. 3d at 540 (quoting *Welsbach Elec. Corp. v. MasTec N. Am., Inc.*, 859 N.E.2d 498, 500 (N.Y. 2006)). "New York law is clear [that] in cases involving a contract with an express choice-of-law provision . . . a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). In each of the Notes, Section 8 provides that "[t]his Note shall be interpreted and the rights and liabilities of the parties shall be governed by the laws of the State of

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

Connecticut." Ex. A at 91. The Court finds no reason, especially with no response from Vesma to the contrary, why this provision should not be enforced.

Under Connecticut law, a breach of contract claim has four elements: "the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 87 A.3d 534, 540 (Conn. 2014); *see also Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-03687 (ALC), 2023 WL 6386845, at *11 (S.D.N.Y. Sept. 29, 2023) (same). Here, Plaintiffs have satisfied all four. First, an agreement was formed when Vesma entered into the Notes with written agreements. Compl. ¶¶ 17–18, 43; Ex. A. Second, Plaintiffs performed their obligations under the Notes by advancing the amounts specified. *Id.* ¶¶ 17–19, 44. Third, Vesma breached the agreement through its default. *Id.* ¶¶ 30, 37–41, 45. Vesma's insolvency constituted an event of default under Section 7(c) of the Notes, *id.* ¶ 25, and Plaintiffs appropriately accelerated payment, *id.* ¶ 33. Vesma then further breached the agreements by failing to pay within ten days as required by Section 7(a). *Id.* ¶ 36. Finally, Plaintiffs have suffered damages as a result of Vesma's breach in the form of outstanding payment of the advanced sums, as well as accrued interest. *Id.* ¶¶ 17–19.

Because Plaintiffs have established a breach of contract claim under Connecticut law, the Court will not address Plaintiffs' claim in the alternative, that Vesma has been unjustly enriched. *See id.* ¶¶ 47–52 (pleading unjust enrichment in the alternative should the Court deem the Notes "invalid, unenforceable, or otherwise inapplicable").

## IV. PLAINTIFFS ARE ENTITLED TO COMPENSATORY DAMAGES

Because Vesma is liable for breach of contract, the next question is the amount of damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015). Instead, once liability is established, "a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty." *Constellation Newenergy, Inc. v. Om Vegetable, Inc.*, No. 22-CV-03766 (LJL), 2022 WL 3334707, at *3 (S.D.N.Y. Aug. 12, 2022). Rule 55(b)(2) of the Federal Rules of Civil Procedure "'allows but does not require the district judge to conduct a hearing' to determine the amount of damages to which the plaintiff is entitled." *Id.* (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)). In other words, "an inquest into damages may be conducted on the papers, without an evidentiary hearing[,] where there is sufficient basis on which to make a calculation." *Fonz, Inc. v. City Bakery Brands, LLC*, No. 19-CV-10854 (LJL) (RWL), 2021 WL 5235190, at *3 (S.D.N.Y. Sept. 27, 2021). Finally, in determining damages resulting from a default judgment, a court "cannot simply rely on the plaintiff's statement of damages" and the calculations "must be based on admissible evidence." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010). Here, the amount of damages can readily be determined on the papers.[4]

[4] Plaintiffs have also requested that the damages determination be determined without a hearing. Mot. at 8.

Under Connecticut law, damages resulting from breach of contract are "limited to those that 'the defendant had reason to foresee as the probable result of the breach at the time when the contract was made.'" *Meribear Prods., Inc. v. Frank*, 265 A.3d 870, 896 (Conn. 2021) (quoting *Neiditz v. Morton S. Fine & Assocs., Inc.*, 508 A.2d 438, 442 n.3 (Conn. 1986)). Furthermore, as noted above, Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, the damages requested in Plaintiffs' Motion for Default Judgment mirrors that in the Complaint. *See* Mot. at 10; Compl. at 10–11. Plaintiffs seek compensatory damages in the amount of $441,340.80, corresponding to the total unpaid principal and accrued interest on the Notes as of May 27, 2026. Decl. ¶ 27; Ex. I; Ex. J. This amount is clearly traceable to the original amount borrowed by Vesma under the Notes and is supported by the record. *See id.* As such, the Court grants Plaintiffs' request for compensatory damages in the amount of $441,340.80.

## V. PLAINTIFFS ARE ENTITLED TO PRE- AND POST-JUDGMENT INTEREST

Plaintiffs also seek pre- and post-judgment interest on the amount due under the Notes. Decl. ¶ 29. Where, as here, the Court's jurisdiction is premised on diversity, the applicable state law governs the determination of pre-judgment interest. *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999) ("The awarding of prejudgment interest is considered a question of substantive law."). Under Connecticut law, pre-judgment interest "may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." C.G.S. § 37-3a; *see also Kelly Servs., Inc. v. Senior Network, Inc.*, 259 A.3d 1172, 1175 (Conn. 2021). Connecticut courts have awarded prejudgment interest pursuant to Section 37-3a in "breach of contract claims for liquidated damages . . . where a party claims that a specified sum under the terms of a contract . . . owed to [Plaintiff] has been detained by [Defendant]." *Crosskey Architects, LLC v. Poko Partners, LLC*, 218 A.3d 133, 150 (Conn. App. Ct. 2019); *see also Paniccia v. Success Village Apartments, Inc.*, 284 A.3d 341, 361 (Conn. App. Ct. 2022) (same). Finally, an award of pre-judgment interest is within the discretion of the Court. *Crosskey Architects*, 218 A.3d at 151–52. Accordingly, because Vesma has detained $441,340.80 due and payable under the Notes, and because it has been determined that the detained amount is owed to Plaintiffs, the Court finds that Plaintiffs are entitled to pre-judgment interest. The Notes set forth an interest rate of 5.0% per annum, *see* Ex. A at 84, and using the $441,340.80 figure as a base, Plaintiffs correctly calculate a daily interest rate of $60.46. Decl. ¶ 29. The date of this order is November 18, 2026, meaning that 175 days have passed since the May 27 demand. Using the calculated daily interest rate, Plaintiffs are entitled to an additional $10,580.50 in pre-judgment interest.

When an action is brought in federal court, post-judgment interest is governed by 28 U.S.C. § 1961. Under Section 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023). In other words, "Section 1961's terms do not permit the exercise of judicial discretion in its application." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). As such, the Court grants Plaintiffs' request for post-judgment interest. Post-judgment interest shall accrue from the date of this order.

## VI. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES AND COSTS

Finally, Plaintiffs argue that they are entitled to reasonable attorneys' fees and costs. Mot. at 9. When a federal court is sitting in diversity, requests for attorneys' fees are evaluated under state law. *Davis v. Espinal-Vasquez*, No. 21-CV-07819 (KMK), 2024 WL 1194715, at *3 (S.D.N.Y. Mar. 20, 2024); *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006) ("[A]ttorneys' fees are considered substantive under the *Erie* doctrine, and should be analyzed under state law in diversity cases."). Connecticut follows the common-law "American rule," under which "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." *Ames v. Comm'r of Motor Vehicles*, 839 A.2d 1250, 1255 (Conn. 2004); *see also Cumulus Broadcasting v. Okesson*, No. 10-CV-00314, 2012 WL 3822019, at *1 (D. Conn. Sept. 4, 2012) (quoting *Ames*, 839 A.2d at 1255). In the absence of any statutory entitlement to attorneys' fees or fee-shifting clause in the operative contract, Connecticut courts typically deny a party's request for attorneys' fees. *See, e.g.*, *Aurora Loan Services, LLC v. Hirsch*, 154 A.3d 1009, 1018–19 (Conn. App. Ct. 2017) (affirming trial court's denial of attorneys' fees when the relevant contract did not contain a fee-shifting provision); *Winakor v. Savalle*, 234 A.3d 1122, 1134 (Conn. App. Ct. 2020) ("[T]he contract . . . did not expressly authorize the nonbreaching party to recover attorney's fees. Accordingly, the plaintiff may not recover attorney's fees for his breach of contract claim.").

Here, Plaintiffs do not claim entitlement to attorneys' fees pursuant to any statutory authority. As such, attorneys' fees can only be awarded if the Notes contain an express fee-shifting clause. However, even after a detailed review of both Notes, the Court finds no such provision in either agreement. *See* Ex. I; Ex. J. Indeed, Plaintiffs do not cite any particular provision of the Notes to support their claim for attorneys' fees, instead broadly claiming that "reasonable fees and costs incurred in enforcing the Notes . . . fall within these provisions and are recoverable as part of the amounts due under the parties' lending agreements." Mot. at 9. Plaintiffs then dedicate the rest of their argument to whether the claimed fees are "reasonable." *Id.* However, the existence of some contractual or statutory entitlement to attorneys' fees is a necessary prerequisite to any determination of "reasonableness." *See Ames*, 839 A.2d at 1255. Because the Notes do not contain a fee-shifting provision, and because Plaintiffs do not point to any other basis for an award of attorneys' fees, Plaintiffs' request for attorneys' fees and costs is denied.

## CONCLUSION

In light of the above, and because proof of service upon Vesma has been filed, Vesma has willfully failed to answer the Complaint, the time for doing so has expired, and Vesma has failed to appear to contest the entry of default judgment (nor appeared in any capacity at all), Plaintiffs' motion for default judgment is GRANTED. Default judgment is entered for Plaintiffs against Vesma on the breach of contract claim of the Complaint in the amount of $451,921.30, including $441,340.80 in compensatory damages and $10,580.50 in pre-judgment interest, plus post-

judgment interest accruing from the date of entry of this order under 28 U.S.C. § 1961. For the reasons set forth above, Plaintiffs' request for attorneys' fees and costs is DENIED.

Dated: November 18, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge